IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMON MURILLO, | ) | No. C 10-0584 JSW (PR) |
| Plaintiff, | ) | |
| v. | ) | **ORDER OF SERVICE** |
| CHARLES DUDLY LEE, M.D., et al., | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket No. 5) |

## INTRODUCTION

Plaintiff, currently incarcerated at the Donovan State Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983 against a number of officials of Salinas Valley State Prison where Plaintiff was formerly housed.  Plaintiff also names as a Defendant an outside medical clinic where he received treatment.

After filing the original complaint, he filed an amended on August 2, 2010 (docket number 6).  Leave to file the amended complaint is GRANTED, and it supercedes the original complaint.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Plaintiff's earlier motion to file an amendment to the original complaint is DENIED as unnecessary in light of the amended complaint (docket number 5).  This Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A, and orders is served

Plaintiff's application to proceed in forma pauperis is granted in a separate order.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

Plaintiff alleges that Defendant Dr. Lee, the Chief Medical Officer at SVSP, authorized the transportation of Plaintiff to an outside urology clinic, Urology Associates of San Luis Obispo (also named as a Defendant), for a cystoscopy. While at the clinic, Plaintiff was circumcised, which Plaintiff had not consented to and which was not medically necessary. Plaintiff alleges that Defendant Dr. Millner, another SVSP doctor who was treating Plaintiff, authorized the circumcision. Finally, Plaintiff alleges that Defendants Dr. Kuntze, a doctor at the clinic, and Susan Lew and Debra L. Smith, CDCR officials, entered into contracts between the clinic and the CDCR to provide medical services to inmates, which led to Plaintiff's unnecessary and non-consensual circumcision. When liberally construed, these allegations state a cognizable claim against Defendants Dr. Lee and the outside clinic for a violation of his Eighth Amendment rights to be free from the use of excessive force and to adequate medical care.

Plaintiff's state law claims for battery, breach of contract, and breach of fiduciary duty are dismissed because Plaintiff indicates that they have already been litigated unsuccessfully in the state courts. Plaintiff claims that the state law violations also violated his right to due process, but his allegations suggest no state-created liberty interest protected by due process. Thus his due process claims are also dismissed. e has alleged no constitutionally protected liberty interest is allegations do not state a claim for a due process violation.

Plaintiff's claims against Defendant the California Department of Corrections and Rehabilitation ("CDCR") are dismissed under the 11th Amendment. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity).

3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The claims under the Eighth Amendment against Defendants Dr. Lee, Dr. Millner, Dr. Kuntze, Susan Lew, Debra Smith, and the Urology Associates of San Luis Obispo are, when liberally construed, cognizable.  All other claims are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the **amended complaint** and all attachments thereto with all attachments thereto, and a copy of this order upon: Defendants **Dr. Charles Dudley Lee and Dr. Carl E. Millner** at **Salinas Valley State Prison;** Defendants **Urology Associates of San Obispo** and one of its doctors, Defendant **Dr. Joseph Kuntze;** and Defendants **Susan Lew and Debra L. Smith** at the **California Department of Corrections** and **Rehabilitation**, at the addresses for these Defendants set forth in the Amended Complaint.

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's.  The Clerk shall also serve a copy of this order on Plaintiff.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety (90) days** from the date this order is filed, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

4

1    All papers filed with the Court shall be promptly served on the Plaintiff.

2        b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with

3    the court and served upon defendants no later than thirty days from the date of service of

4    the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING,"

5    which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir.

6    1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

7        If defendants file an unenumerated motion to dismiss claiming that plaintiff failed

8    to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

9    plaintiff should take note of the attached page headed "NOTICE -- WARNING

10   (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d

11   1108, 1120 n. 4 (9th Cir. 2003)

12       c.  Defendants shall file a reply brief no later than **fifteen (15) days** after

13   Plaintiff's opposition is filed.

14       d.  The motion shall be deemed submitted as of the date the reply brief is

15   due.  No hearing will be held on the motion unless the Court so orders at a later date.

16       3.  Discovery may be taken in accordance with the Federal Rules of Civil

17   Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or

18   Local Rule 16 is required before the parties may conduct discovery.

19       4.  Extensions of time are not favored, though reasonable extensions will be

20   granted.  Any motion for an extension of time must be filed no later than **five** days prior

21   to the deadline sought to be extended.

22       5.  All communications by Plaintiff with the Court must be served on Defendant,

23   or Defendant's counsel once counsel has been designated, by mailing a true copy of the

24   document to Defendant or Defendant's counsel.

25       6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

26   Court informed of any change of address and must comply with the Court's orders in a

27

28                                              5

timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  The motion to amend (docket number 5) is DENIED as unnecessary.

IT IS SO ORDERED.

DATED:  November 12, 2010

_____
JEFFREY S. WHITE
United States District Judge

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

RAMON MURILLO,

Case Number: CV10-00584 JSW

Plaintiff,

6

**CERTIFICATE OF SERVICE**

7

v.

8

CHARLES DUDLEY LEE MD et al,

9

Defendant.

_____/

10

11

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

12

13

That on November 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

14

15

16

Ramon Murillo
P43503
480 Alta Road
San Diego, CA 92179

17

18

Dated: November 12, 2010

19

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

20

21

22

23

24

25

26

27

28

7

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.