IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES DUDLEY LEE, M.D., et al.,<br><br>　　　　Defendants.<br>_____ | No. C 10-0584 JSW (PR)<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS; GRANTING REQUESTS TO FILE ADDITIONAL EVIDENCE AND FOR JUDICIAL NOTICE**<br><br>(Docket No. 62) |

　　　　This is a civil rights case filed by a *pro se* prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Ramon Murillo claims that Defendants Joseph Kuntze, M.D, a urology specialist, and Urology Associates of San Luis Obispo ("Urology Associates"), a clinic where Dr. Kuntze worked, violated his Eighth and Fourteenth Amendment rights. Plaintiff also claims that defendants Dr. Charles Lee, Chief Medical Officer at Salinas Valley State Prison ("SVSP"), Dr. Carl Millner, Plaintiff's treating physician at SVSP, Susan Lew, a medical contractor, and Debra Smith, a medical contractor, violated his Eighth and Fourteenth Amendment rights by sending him to Urology Associates for treatment.

　　　　Prior to filing this case, Plaintiff had filed a complaint in state court on October 4, 2006, for professional negligence, battery, and lack of informed consent against Defendants. *See Murillo v. Kuntze, M.D., San Luis Obispo Superior Court, Case No. CV 060845*. On April 4, 2011, while the state court trial was under way, this Court

granted summary judgment in favor of Defendants on Plaintiff's Eighth Amendment claims. In the same order, the Court stayed Plaintiff's Fourteenth Amendment claim – that Dr. Kuntze treated him without his informed consent – pending resolution of the same claim in the state court action. *See Nakash v. Marciano*, 882 F.2d 1411, 1415 (1989) ("[A] federal court may stay its proceedings in deference to pending state proceedings"). The Court reasoned as follows:

> Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under California law, "a final judgment of a state court 'precludes further proceedings if they are based on the same cause of action.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). California courts use the "primary rights theory" to decide what constitutes the same cause of action for purposes of claim preclusion. *Id.* Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Id.* (quoting *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If this cause of action test is satisfied, then the same primary right is at stake, even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, or adds new facts supporting recovery. *Id.*
> Plaintiff's state court action involves the same "primary right" as his Fourteenth Amendment claim here. Plaintiff's state court action raises claims of negligence, battery, and lack of informed consent, and, like his remaining Fourteenth Amendment claim, it involves the primary right to informed consent to medical procedures. In both actions, Defendants are alleged to have the corresponding duty to not infringe on that right. In both actions, Plaintiff alleges that Defendants breached their duty to Plaintiff based on the circumcision performed without his informed consent.

Defendants were ordered to notify this Court when a judgment was reached in Plaintiff's state court case. Dr. Kuntze and Urology Associates have filed a request to file new evidence, and for judicial notice, of state court documents showing that on April 29, 2011, a jury returned a verdict in favor of the Dr. Kuntze and Urology Associates on all of Plaintiff's claims, finding that they were not negligent, that Dr. Kuntze did not commit a medical battery on Plaintiff, and that Dr. Kuntze obtained Plaintiff's informed consent to treatment. (Defs.' Req. Jud. Not. Exs. A-C). The

request is GRANTED.  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (federal court may take judicial notice of court records).

       For the reasons explained in the order of April 4, 2011, under the doctrine of claim preclusion, the state court judgment denying Plaintiff's claim that Dr. Kuntze treated Plaintiff without his informed consent precludes his Fourteenth Amendment claim here that Dr. Kuntze treated him without his informed consent.  Plaintiff's Fourteenth Amendment claim against the other Defendants is premised on his claim Dr. Kuntze did not obtain his informed consent, and consequently such a claim is precluded by the state court judgment as well.  As a result, summary judgment is GRANTED in favor of Defendants on Plaintiff's Fourteenth Amendment claim.

       The clerk shall enter judgment and close the file.

       IT IS SO ORDERED.

DATED: July 15, 2011

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAMON MURILLO,

        Plaintiff,

  v.

CHARLES DUDLEY LEE MD et al,

        Defendant.

Case Number: CV10-00584 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramon Murillo
P43503
480 Alta Road
San Diego, CA 92179

Dated: July 15, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk